### 25993. MAYOR AND COUNCIL OF BUFORD v. HUDLOW.

STEPHENS, P. J. 1. A duty rests upon a city to exercise ordinary care to keep its streets in a condition safe for travelers lawfully using them. Where a water-main which has been laid in a city street has, by reason of the washing of the street from rains, become exposed and extends above the level of the street, and is therefore rendered dangerous to travelers in automobiles passing over the street, it is a question of fact whether the city is guilty of negligence as respects a person who is injured while traveling along the street in an automobile, where the injury occurs after dark, and the city in the morning of that day became aware of the condition of the water-main in the street, and on several occasions before that time had known of such dangerous condition and had not repaired the street.

2. Although a defect in a street which renders it unsafe for use by persons traveling over it is patent, and is observed by a person so traveling over it in an automobile, such person, who is injured as a result of such defect, is not as a matter of law guilty of negligence causing the injury and barring a recovery, where it does not appear conclusively and as a matter of law that the use of the street in its defective condition by the person traveling in the automobile is dangerous and likely to cause an injury. Thus, where a water-main in a street was exposed and projected a few inches above the traveled level of the street, and it appeared from automobile tracks in the street that other automobiles had passed over this projection by straddling it, a traveler in an automobile along the street, who observed this condition, was not guilty of negligence as a matter of law, barring a recovery for his injuries where, in undertaking to drive the automobile along the street and to straddle the projection, he ran the automobile against the projection, and, because of the sudden stopping of the automobile, he was thrown against the steering gear and injured.

3. In a suit by the person injured against the city, the evidence was sufficient, under the above rulings, to authorize the jury to find that the plaintiff's injuries were proximately caused by the negligence of the defendant, and that the negligence of the plaintiff did not proximately contribute to the injuries so as to bar a recovery.

4. The evidence authorized the verdict for the plaintiff, and no error appears.     *Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 5, 1937.

*Pemberton & W. J. Cooley, A. G. Liles,* for plaintiff in error.
*E. C. Brannon, G. Fred Kelley,* contra.